LAW OFFICES OF MILTON C. GRIMES
MILTON C. GRIMES, SBN 59437
3774 West 54th Street
Los Angeles, California 90043
Telephone: (323) 295-3023
Facsimile : (323) 295-3708

LAW OFFICES OF VICKI I. SARMIENTO
A Professional Corporation
VICKI I. SARMIENTO, SBN 134047
153 East Walnut Street, Suite B
Pasadena, California 91103-3836
Telephone: (626) 793-1171
Facsimile : (626) 793-2293

Attorneys for Plaintiff Gary T. Blankenhorn

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT**

| | |
|---|---|
| GARY T. BLANKENHORN,<br><br>      Plaintiff,<br><br> vs.<br><br>CITY OF ORANGE, ANDY ROMERO, DUNG NGUYEN, ROSS GARRETT, TAMARA SOUTH, SERGEANT GRAY, OFFICER MONTANO, OFFICER KAYANO, OFFICER ROMAN and DOES 1-10,<br><br>      Defendants. | Case No.: SACV02-1160 GLT (MLGx)<br><br>**PLAINTIFF'S CONTENTIONS OF LAW AND FACT** |

   Plaintiff Gary Blankenhorn hereby submits the following Memorandum of Contentions of Fact and Law in accordance with Local Rule 16-3.

## I. INTRODUCTION

This is an action for damages brought under 42 U.S.C. Section 1983 brought by plaintiff Gary Blankenhorn for unlawful arrest for resisting arrest, excessive force, malicious prosecution, and supervisory liability. Additionally, plaintiff has invoked the supplemental jurisdiction of this Court and is alleging the state law claims for negligence, false arrest and false imprisonment, and intentional infliction of emotional distress.

## II. CONTENTIONS OF FACT AND LAW

On July 28, 2001, Plaintiff Gary Blankenhorn went to the "Block", an open-aired mall comprised of shops, theaters, and restaurants. Gary was only 22 years-old on July 28, 2001, when he went to the "Block" for the purpose of socializing and meeting girls. He was talking to a friend Victor Garcia, when he was encountered by Officer Nguyen.

After spotting Mr. Blankenhorn in the crowd, Sgt. Gray recognized him as someone who was banned from the Block. Based on information received from Sgt. Gray, Officer Nguyen set out to find Mr. Blankenhorn. After spotting him, Officer Nguyen called out to him in a rude and offensive manner by yelling out for him to come over and using his finger to gesture to plaintiff. Plaintiff responded to Officer Nguyen's request and asked what he wanted. Officer Nguyen asked Plaintiff what he was doing at the Block. Plaintiff told Nguyen that he was talking to a friend and asked if Nguyen had any other questions. Upon hearing no response, Plaintiff started to walk away. As Plaintiff was walking away, Officer Nguyen got in front of him and put his hand out to prevent him from leaving. Plaintiff asked why he couldn't leave, and was not given a response. Plaintiff tried to walk around Nguyen and Nguyen grabbed him by his shirt. Plaintiff asked him what he was doing and why this was done in the presence of his friend and other people. Plaintiff yanked out of Nguyen's grasp. Nguyen pulled out his mace spray and told plaintiff that he was going to spray him if he did not get down on the ground.

Plaintiff recalls seeing a female officer—later found out to be Tamara South—approach him and talk to him. Plaintiff told Officer South that Officer Nguyen was being rude. Officer South told Plaintiff that this is how things are done at the Block. Plaintiff told Officer South

that he did not have to be treated this way and told her that he just wanted to leave. Officer South told him to "hold on" but did not give him any reason as to why he was being prevented from leaving. Plaintiff took his driver's license and flicked it out and told the officers "here's my identification, run my name and do whatever you need to do, and let me go".

Plaintiff did this out of frustration and to show that he did not have anything to hide. Neither Officer Nguyen nor any other officer asked him for his identification, and Plaintiff did this on his own volition.

Plaintiff recalls hearing a security guard say "you're being detained for trespassing". After this statement, Officer Nguyen ordered plaintiff to his knees. Plaintiff said "I'm not getting on my fucking knees". Plaintiff then felt a punch, felt someone grab him from behind, and felt pressure on all sides. Plaintiff was then tackled down to the ground by the officers. While on the ground, Plaintiff felt punches and felt someone's knee behind his neck which produced a lot of pain. Plaintiff was then hog-tied and taken to a police vehicle.

### 1. Plaintiff's excessive force claims

Plaintiff's Fourth Amendment claims for excessive force are to be evaluated under the set forth in *Graham v. Connor*, 490 U.S. 386. The test is whether the use of force was "objectively reasonable in light of the facts and circumstances confronting the arresting officers. *Graham*, 490 U.S. at 397. Relevant factors to this inquiry include, but are not limited to, "the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. See, *Forrester v. City San Diego*, 25 F.3d 804, 806 n.2 (9th Cir. 1994). Here, the severity of the offense was a low level misdemeanor trespass. Second, Mr. Blankenhorn did not pose a threat to the safety of the officers when he was tackled to the ground. There was no reason for defendant Nguyen to grab him and punch plaintiff. There was no justifiable reason for defendant Ross to grab plaintiff from behind and for he, Nguyen, and South to gang tackle him to the ground.

Once on the ground, the officers used a rip hobble to hog tie Mr. Blankenhorn. The officers' justification for hog-tying Plaintiff was premised on is alleged resistance. However,

Plaintiff denies that he was resisting, rather any movement by him was in response to the force being inflicted upon him.  The Ninth Circuit in *Blankenhorn v. City of Orange* 485 F.3d 463, 479 (9th Cir. 2007), stated that "…a person has the "limited right to offer reasonable resistance to an arrest that is the product of an officer's personal frolic.  That right is not trigged by the absence of probable cause, but rather by the officer's bad faith or provocative conduct." Citing *United States v. Span*, 970 F.2d 573, 580 (9th Cir. 1992).   Here, Plaintiff contends that the officers' unwarranted use of force and application of the hobble restraints supports the conclusion that the officers acted in bad faith.   The officers gave Mr. Blankenhorn no warning that they were going to arrest him before gang-tackling him to the ground.  Officer Nguyen did not even attempt to handcuff him before he, Ross, and South simultaneously took hold of and wrestled him to the ground.  Plaintiff views these actions by the officers as "provocative" and in bad faith.   The combined use of force by the officers was simply unjustified.  Plaintiff had not verbally threatened any of the officers, plaintiff had not challenged any officer to fight, plaintiff had not struck any of the officers or attempted to strike any of the officer, and plaintiff had not made any fighting gestures or taken a fighting stance against any of the officers.

### 2. Plaintiff's malicious prosecution claims

Plaintiff was incarcerated for three months at which time he bailed out.  He was charged with five counts, as follows:  One count of violation of Penal Code Section 415(1) (felony disturbing the peace); three counts of violation Penal Code Section 148(a) (unlawfully resisting, delaying and obstructing Officer Nguyen, South and Ross; and one count of Penal Code Section 602(n) (Trespass – Refusal to leave private property).  During the course of plaintiff's prosecution, a gang enhancement was added to the charging complaint.  All of the charges were ultimately dismissed.

Plaintiff contends that Deputy District Attorney Sonia Balleste ("DA Balleste") charged plaintiff with three counts of resisting arrest, and disturbing the peace as a felony and added a gang enhancement based on the misrepresentations in the officers' reports.  Unlike in *Sloman v. Tadlock*, 21 F.3d 1462 (9th Cir. 1994), Mr. Blankenhorn is not simply relying on his own account or on conclusory allegations of falsehoods.   The Ninth Circuit correctly reversed the

grant of summary judgment on plaintiff's malicious prosecution claims as to Officer South. The Ninth Circuit also stated that plaintiff had presented evidence other than his own account to overcome the presumption of prosecutorial independence, and that a reasonable jury could conclude that that Mr. Blankenhorn did not act as Officers Nguyen and Ross portrayed in their reports. *Blankenhorn* at 482.

A police officer who maliciously or recklessly makes false reports to the prosecutor may be held liable for damages incurred as a proximate result of those reports. See, *Barlow v. Ground,* 943 F.2d 1132, 1136-37, *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002). In this case, plaintiff alleges that Officer Nguyen provided false information in his report by not disclosing that he punched him and not disclosing the gang tackling of plaintiff by Nguyen, Ross, and South. Plaintiff also alleges that Officer Ross misrepresented plaintiff's actions when he wrote in his report that plaintiff clenched his fists and took a combative stance. Further, plaintiff alleges that Officer South misrepresented facts in her police report by claiming that plaintiff yelled out his alleged affiliation with the 18th Street gang.

### 3. Plaintiff's supervisory liability claims

The Ninth Circuit held that "Chief Romero can be held liable in his individual capacity 'for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation[;] or for conduct that showed a reckless or callous indifference to the rights of others." *Blankenhorn* at 485. Citing *Watkins v. City of Oakland*, 145 F.3d 1087, 1093 (9th Cir. 1998) (quoting *Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991).

There were three prior complaints against Officer Nguyen for excessive force, and improper conduct. The first incident took place on June 29, 1996, where Officer Nguyen shook an arrestee [Martinez] by the hair. Officer Nguyen admitted to Internal Affairs ("IA") that he did include this fact in his report because he knew it was an inappropriate use of force. He received a 40- hour suspension for this, but did not receive any re-training or any monitoring in conjunction with the suspension. Plaintiff's police practice expert Roger Clark

will testify that the discipline imposed should have included a re-training component and a period of monitoring to make this effective discipline and for deterrence.

In July 1999, Officer Nguyen gave a command attack to his dog against a small child. Officer Nguyen received a 40 hour suspension for this incident and an order for fitness for duty psychological evaluation. Plaintiff's police practice opines that Officer Nguyen should have been terminated for this incident in view of the seriousness of the incident and his prior record.

On or about September 1999, Tiffany Marie Black filed a personnel complaint against Officer Nguyen for an incident where she claims Officer Nguyen violated her rights by putting his hand across her breast area, pushing her backward, and accusing her of lying. Officer Nguyen received a written reprimand for this incident. Mr. Clark will testify that given all the circumstances involved in the Black incident and Nguyen's prior complaint record, this incident called for termination.

Plaintiff will present evidence that Chief Romero approved Officer Nguyen's personnel evaluations despite the three complaints of excessive force. The Ninth Circuit correctly found that plaintiff's evidence regarding the effectiveness of Officer Nguyen's discipline for those prior complaints could lead a rational factfinder to conclude that Chief Romero knowingly condoned and ratified actions by Officer Nguyen that he reasonably should have known would cause constitutional injuries like the ones plaintiff may have suffered. *Blankenhorn* at 486.

**4. Plaintiff's state law claims**

Plaintiff's will proceed on his state law claims for false arrest/false imprisonment, negligence and intentional infliction, and withdraws his claims for assault and battery. The same facts used to support plaintiff's § 1983 claims will be used to support all of his remaining state law claims. The applicable law governing plaintiff's state law claims are set out in the CACI and BAJI jury instructions.

///

### III. PLAINTIFF'S CLAIMS

**Claim 1:** The defendant-officers subjected the plaintiff to an unreasonable seizure premised on allegations of resisting arrest and disturbing the peace in violation of the Fourth Amendment and Fourteenth Amendment.

**Claim 2:** The defendant-officers violated plaintiff's rights to be free from excessive force under the Fourth Amendment.

**Claim 3:** The defendant-officers deliberately fabricated false evidence that subjected him to criminal charges in violation of his clearly established constitutional right to be free from malicious prosecution.

**Claim 4:** Defendant Romero failed to train, supervise and discipline Officer Nguyen in violation of plaintiffs' rights under the Fourth and Fourteenth Amendment.

**Claim 5:** The defendant-officers were negligent in their actions toward plaintiff and their negligence caused plaintiff's harm.

**Claim 6:** The defendant-officers falsely imprisoned plaintiff without consent or lawful privilege for an unreasonable period of time.

**Claim 7:** The defendant-officers conduct was outrageous and caused Plaintiff to suffered emotional distress.

**The elements required to establish plaintiffs' claims:**

**Claim 1**: (i) the defendant-officers seized the plaintiff's person; (ii) in seizing the plaintiffs' person, defendant-officers acted intentionally; (iii) the seizure was unreasonable.

See, Ninth Circuit Manual of Model Jury Instructions 2007, Instruction No. 9.18.

**Claim 2:** (i) the defendants acted under color of law; (ii) the acts of the defendant-officers were not "objectively reasonable" under the circumstances known to the officers, including the severity of the crime, whether the plaintiff posed an immediate threat to the safety of the officers or others, whether the plaintiff was actively resisting, the amount of time and any changing circumstances, the type and amount of force used, and the alternative methods available.

See, Ninth Circuit Manual of Model Jury Instructions 2007, Instruction No. 9.22

**Claim 3:** (i) defendants began or continued a criminal prosecution; (ii) the prosecution was based on false information provided by defendants; (ii) the criminal proceedings terminated in plaintiff's favor.

See, *Barlow v. Ground,* 943 F.2d 1132, 1136-37, *Galbraith v. County of Santa Clara*, 307 F.3d 1119, 1126-27 (9th Cir. 2002), *Albright v. Oliver* 510 U.S. 266, 271 (1994)

**Claim 4:** (i) Defendant Romero acted under color of law; (ii) the acts of defendant's subordinate Officer Nguyen deprived the plaintiff of his rights under the United States Constitution; (iii) Defendant Romero set in motion a series of acts by others, or knowingly refused to terminate a series of acts by others, which he knew or reasonably should have known, would cause others to inflict the constitutional injury.

See, Ninth Circuit Manual of Model Jury Instructions, Instruction No. 9.3; *Watkins v. City of Oakland*, 145 F.3d 1087, 1093, *Larez v. City of Los Angeles*, 946 F.2d 630, 646.

**Claim 5:** (i) the defendant-officers were negligent; (ii) the plaintiff was harmed; (iii) the defendant-officers' negligence was a substantial factor in causing plaintiff's harm.

See CACI 400: Negligence – Essential Factual Elements

**Claim 6:** .(i) the nonconsensual, intentional confinement of a person (ii) no lawful privilege; (iii) the confinement was for an appreciable length of time, however short.

See, *George v. City of Long Beach*, 973 F.2d 706, 710 (9th Cir. 1992).

**Claim 7:** (i) the defendants engaged in outrageous conduct; (ii) the defendants engaged in conduct with reckless disregard of the probability of causing plaintiff emotional distress; (iii) this outrageous conduct of the defendants was a cause of the emotional distress suffered by the plaintiff.

See, BAJI 12.70: Intentional Infliction of Emotional Distress

### IV. EVIDENCE RELIED UPON BY PLAINTIFFS IN SUPPORT OF HIS CLAIMS

Plaintiffs will rely on the testimony of all of the named defendants, all witnesses listed on plaintiffs' witness list including Victor Garcia, Sonia Balleste, Joe Perez, Captain Gustafson, Tiffany Marie Black, and police practice expert Roger Clark. Plaintiffs will also

rely on the video-tape of the incident, the police reports of all the defendant-officers, the officers' personnel evaluations, the tape recorded interviews and transcripts from Internal Affairs, the criminal complaint, the preliminary hearing transcript, and all such other evidence listed in the plaintiff's exhibit list.

### V.   THE TRIAL IS BY JURY

The issues herein are triable to a jury as a matter of right.  The parties made a timely demand for trial by jury.

### VI.   ATTORNEY FEES

Attorney fees are allowed to the prevailing party pursuant to 42 U.S.C. Section 1988.

### VII.   ABANDONMENT OF CLAIMS/ISSUES

Plaintiff hereby dismisses his cause of action for assault and battery under state law.

### VIII.   WITNESS LIST

Plaintiff will serve and file his witness list under separate cover.

Dated:  February 28, 2008            LAW OFFICES OF VICKI I. SARMIENTO
                                     LAW OFFICES OF MILTON C. GRIMES


                                           /s/
                                     VICKI I. SARMIENTO
                                     Attorney for Plaintiff Gary Blankenhorn